IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-116-BO-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THURSTON ALFONZO JONES | ) | |

This cause comes before the Court on defendant's motion to request a judicial recommendation. [DE 113]. The government has responded, [DE 116], and the matter is ripe for disposition. For the following reasons, defendant's motion is denied.

## BACKGROUND

On February 2, 2009, the Court sentenced defendant to 124 months' imprisonment for conspiracy to distribute and possession with intent to distribute more than fifty grams of cocaine base and a quantity of cocaine. Defendant is currently serving this sentence at the Federal Correctional Institution Satellite Camp in Edgefield, South Carolina ("FPC Edgefield"), a federal prison located within the District of South Carolina. His projected release date, with the application of projected good conduct time, is January 5, 2019. On February 9, 2017, defendant filed the instant motion asking the Court to recommend to the Bureau of Prisons ("BOP") that he serve the final twelve months of his sentence in a Residential Re-entry Center ("RRC"). [DE 113].

## DISCUSSION

As provided for by 18 U.S.C. § 3621, the BOP is charged with the task of designating where a federal inmate will be imprisoned. See 18 U.S.C. § 3621(b). Additionally, 18 U.S.C. § 3624 provides that a federal inmate may be granted pre-release custody, in which he is

permitted to serve a portion of his federal sentence in the community, whether it be in home confinement or placement in a community correctional facility. 18 U.S.C. § 3624(c). The BOP considers all five factors enumerated in § 3621(b), as well as the guidelines under § 3624(c)(1), and makes an individual determination regarding each inmate's placement into an RRC. *See Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008); *Wedelstedt v. Wiley*, 477 F.3d 1160, 1166–68 (9th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (3d Cir. 2006); *see also* 28 C.F.R. § 570.22 (effective Oct. 21, 2008). The fourth factor under § 3621(b) incorporates any recommendations by the court regarding the "type of penal or correctional facility" to be selected for the defendant.

Defendant requests that this Court recommend a 12-month placement in a RRC. However, as the remedy sought in defendant's motion is an action by the BOP in relation to the execution of his sentence, this action is only properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). As defendant is currently incarcerated at FPC Edgefield, the United States District Court for the District of South Carolina has jurisdiction over this matter as defendant's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (a claim which attacks the execution of the sentence rather than the sentence itself, under 28 U.S.C. § 2241, must be sought "in the district of confinement rather than in the sentencing court"). Therefore, this Court is without jurisdiction to review defendant's motion.

Additionally, "[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks

omitted) (alteration in original); 18 U.S.C. § 3582(c). These limited circumstances include, motion from the Director of the Bureau of Prisons based on "extraordinary and compelling reasons," defendant's advanced age, a motion by the government pursuant to Federal Rule of Criminal Procedure 35, or upon motion from the BOP director or Court pursuant to a lowered sentencing range. 18 U.S.C. § 3582(c). Here, even should the Court have jurisdiction to grant the motion, defendant has not put forth any statute or rule or otherwise demonstrated that circumstances exist which would permit a modification of the judgment and sentencing recommendation. Without this, the Court is unable to modify a final judgment. While the Court recognizes defendant's significant accomplishments while incarcerated, the Court is also not responsible for making a determination regarding defendant's RRC placement, aside from its already incorporated sentencing recommendation, and therefore the motion must fail.

Finally, movant has not included any information indicating that he has pursued his claim in the BOP's administrative remedy system before seeking judicial relief. *See McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)). Accordingly, even should the Court have jurisdiction, the matter would not be properly before the Court at this time.

## CONCLUSION

For the foregoing reasons, defendant's motion seeking a judicial recommendation [DE 113] is DENIED.

SO ORDERED, this 17 day of May, 2017.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE